**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**JORGE TELLES,**

    **Plaintiff,**

**vs.**                                           **Case No. 1:05cv67-MP/WCS**

**JAMES V. CROSBY, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

This case was recently reassigned to the undersigned. Doc. 15. Plaintiff, an inmate proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983, had previously submitted an amended complaint. Doc. 13. Plaintiff's amended complaint has now been reviewed by the undersigned as is required by 28 U.S.C. § 1915A.

Plaintiff's complaint alleges that on or about September 7, 2003, he was given a false disciplinary report for allegedly having unauthorized sexual contact with his wife during a visit at Cross City Correctional Institution. Doc. 13, p. 7. Plaintiff contends the disciplinary report was false, and was issued to retaliate against Plaintiff because he

was an inmate witness against a correctional officer in an earlier disciplinary report which alleged the same conduct by another inmate. Plaintiff contends these are false disciplinary reports and that Defendant Crosby, as Secretary of the Department of Corrections, is not preventing correctional officers from fabricating lies to retaliate against inmates and does not have sufficient procedures in place to protect an inmate's due process rights in disciplinary hearings. *Id.*

Plaintiff was previously directed to omit his claims against the Secretary because a prison official cannot be held liable for the conduct of other officers. Doc. 9. Plaintiff has continued to present these allegations and they are insufficient. The law is clearly established that a prison official cannot be named as a Defendant in a civil rights case merely because he has supervisory authority over others. The doctrine of *respondeat superior* does not provide a basis for recovery under § l983. Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, because Plaintiff has not presented any allegations showing how Defendant Crosby was personally involved in the events at issue, the claims against this Defendant must be dismissed.

Moreover, Plaintiff indicates on the civil rights complaint form that he lost gain time as a result of the allegedly false disciplinary report. Doc. 13, p. 4. That gain time has not been restored. A claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). To recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by

an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Id*. Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen. *Id*. at 2373.

Heck has since been extended and made explicitly applicable in the prison disciplinary setting. Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In Edwards v. Balisok, the Supreme Court held that a "conviction" includes a finding of guilty in a prison disciplinary proceeding that results in a loss of gaintime, thus, affecting an inmate's period of incarceration. 117 S. Ct. at 1589. Therefore, based on Heck, the Court concluded that a claim for money damages resulting from defects in a prison disciplinary hearing which resulted in the loss of gaintime credits is not cognizable under § 1983. Plaintiff's claims would, if proven, "necessarily imply the invalidity" of his term of imprisonment and, thus, are not cognizable under § 1983. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).

Civil rights actions are not the proper method for challenging and impliedly overturning a disciplinary conviction, even if Plaintiff wants only injunctive or declaratory relief and not money damages. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973) (holding "that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."), *quoted in* Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003). Granting Plaintiff the relief sought, specifically restoring Plaintiff's visitation privileges and removing the disciplinary report from Plaintiff's record, would invalidate the disciplinary report. Doing so would effectively

overturn the disciplinary report and subsequent conviction, which would result in Plaintiff's speedier release from prison by restoring the gain time forfeited.[1]  That cannot be done through this civil rights action.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 13, be **DISMISSED** because the claims are barred by Heck v. Humphrey, Edwards v. Balisok, and Preiser v. Rodriguez, and, thus, fail to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 9, 2005.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] Although Plaintiff did not submit the actual disciplinary reports with his amended complaint, doc. 13, he did file them with his initial complaint, doc. 1.  The disciplinary hearing report shows Plaintiff lost 90 days of gain time.  Doc. 1, attachment.