IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JORGE TELLES,

    Plaintiff,

v.                                                     CASE NO. 1:05-cv-00067-MP-WCS

JAMES V. CROSBY, et al.,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 19, Report and Recommendations of the Magistrate Judge, recommending that Plaintiff's amended complaint, Doc. 13, be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate Judge filed the Report and Recommendation on Wednesday, November 9, 2005. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

In his objections, Plaintiff claims that his action against the Secretary should not be dismissed because of the Secretary's "intentional or deliberate indifference [in] failing to properly supervise his employees [or] to initiate constitutionally adequate disciplinary hearing procedures." Doc. 22 at 2. Plaintiff, however, has failed to provide any evidence whatsoever to substantiate such claims. Since, as the Magistrate correctly pointed out, the doctrine of respondeat superior does not provide a basis for recovery under § 1983, Plaintiff's claims against the Secretary must be dismissed. See Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992)

(citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)).

Plaintiff also asserts that his claims are not barred by Heck v. Humphrey, Edwards v. Balisok, and Preiser v. Rodriguez. Plaintiff's claims, however, are without merit. Preiser holds that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In Heck, the Supreme Court made it clear that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) (footnote omitted). The Supreme Court in Edwards held that Heck is applicable to claims surrounding prison disciplinary hearings. See Edwards v. Balisok, 520 U.S. 641, 648 (1997) (indicating that a claim attacking only procedure, not result, of a prison disciplinary hearing may still fail to be cognizable under section 1983 unless the prisoner can show that the conviction or sentence has been previously invalidated). Most recently, the Supreme Court has reiterated "that a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily

demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 125 S.Ct. 1242, 1248 (2005).  Plaintiff's present civil rights action, if successful, would do just that.  Therefore, Plaintiff's claim must be denied.

Plaintiff last requests that this court appoint him counsel for his claim.  However, this Court has already denied such request, Doc. 12.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Plaintiff's amended complaint, Doc. 13, is dismissed with prejudice.

**DONE AND ORDERED** this   *23rd* day of December, 2005

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge